I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL, POSTAGE PREPAID, TO (SEE BELOW) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF RECORD IN THIS ACTION ON THIS DATE

TO:          DATE:       DEPUTY CLERK:
Plaintiff    5/6/2019    N. Boehme

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| JOSHUA DALKE,<br><br>Plaintiff,<br><br>v.<br><br>BETH OH et al.,<br><br>Defendants. | Case No. CV 18-10613-PSG (DFM)<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |

## I. BACKGROUND

In 2018, Joshua Dalke ("Plaintiff"), a prisoner at California State Prison—Los Angeles County ("CSP-LAC"), filed pro se this civil rights action under 42 U.S.C. § 1983. See Dkt. 1 ("Complaint"). After the Court dismissed the Complaint with leave to amend, see Dkt. 5, Plaintiff filed the operative First Amended Complaint, see Dkt. 8 ("FAC"). The FAC brings claims against nurse practitioner Beth Oh and designee for the chief medical executive B. Ramos, in their individual capacity only. See id. at 3. Plaintiff contends that Defendants violated his Eighth Amendment rights by their deliberate indifference to his serious medical needs. See id. at 20, 24.

Under 28 U.S.C. § 1915(e)(2) and 1915A, the Court must screen the FAC to determine whether it is frivolous or malicious, fails to state a claim on which relief might be granted, or seeks monetary relief against a defendant

who is immune from such relief. As discussed below, the FAC fails to state a claim and must be dismissed.

## II.   SUMMARY OF PLAINTIFF'S FACTUAL ALLEGATIONS

Plaintiff alleges that he has two fractured vertebrae and a dislocated disc in his neck. See FAC at 18. While incarcerated at Calipatria State Prison in 2012, Plaintiff was issued a permanent accommodation chrono authorizing him to have a cervical pillow. See id. at 5-6, 38. Plaintiff's chrono was honored throughout several prison transfers, including his transfer to CSP-LAC. See id. at 6-7. From January 2012 to December 2012, Plaintiff received a replacement cervical pillow every six months. See id. at 9.

Plaintiff alleges that on December 1, 2017, a correctional officer confiscated his cervical pillow during a routine cell inspection. See id. at 8, 19. Later, Plaintiff requested a replacement pillow from Oh. See id. at 19. Despite knowing Plaintiff's status as an "acute care/chronic care inmate" and that he was "entitled to a doctor[']s consultation before any changes" in his treatment plan, Oh denied the request. Id. at 19, 21. Oh explained that her "boss," whom Plaintiff understands to be Ramos, had discontinued all non-formulary durable medical equipment ("DME") devices, including cervical pillows, "as a cost saving measure," and that the policy would be enforced even if an inmate appeal were filed. Id. at 11-12. Oh did not order x-rays to see if Plaintiff's injuries would recur. See id. at 21.

After Oh denied Plaintiff a replacement cervical pillow, his neck "began to cramp at odd times during the night," and he experienced "arthritic pains" in his upper neck and "shooting pain" down his back. Id. at 21-22. The pain affected Plaintiff's mobility and range of motion. See id. at 22. Plaintiff

explained to Oh the pain he was experiencing.[1] Id. at 23. Oh "again explained that she was directed by supervisory staff to deny" Plaintiff's DME request. Id.

Although Plaintiff has requested a replacement cervical pillow through informal means and by filing an administrative grievance, his requests have been denied. See id. at 13. Plaintiff has not received any "alternative palliative therapies" since Oh denied his request for a replacement cervical pillow. Id. at 20.

Plaintiff seeks monetary damages, declaratory relief, injunctive relief, and attorney fees and costs. See id. at 28.

### III. STANDARD OF REVIEW

Dismissal for failure to state a claim "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988) (as amended). The complaint is construed in the light most favorable to Plaintiff and all material allegations are taken to be true. See Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). A complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). This means that the complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

"In civil rights cases where the plaintiff appears pro se, the court must construe the pleadings liberally and must afford plaintiff the benefit of any

---

[1] From the face of the FAC, it is unclear whether this conversation occurred at the same visit with Oh or at a subsequent one.

doubt." Karim-Panahi v. L.A. Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988). "A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." Id. Before dismissing a pro se civil rights complaint for failure to state a claim, the district court "must give the plaintiff a statement of the complaint's deficiencies." Id.

## IV. DISCUSSION

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). A "serious medical need" exists if failure to treat the injury or condition "could result in further significant injury" or cause "the unnecessary and wanton infliction of pain." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (citation omitted). A prison official is deliberately indifferent under the subjective element of the test if the official "knows of and disregards an excessive risk to inmate health and safety." Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Gibson v. Cty. of Washoe, 290 F.3d 1175, 1187 (9th Cir. 2002)). This "requires 'more than ordinary lack of due care.'" Farmer v. Brennan, 511 U.S. 825, 835 (1994) (quoting Whitley v. Albers, 475 U.S. 312, 319 (1986)). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. Neither gross negligence nor a difference of medical opinion is sufficient to establish deliberate indifference under the Eighth Amendment. See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

As the Court has previously explained, Plaintiff's deliberate indifference claims against Oh and Ramos fail because they essentially amount to a mere difference of opinion about the appropriate treatment for his neck pain. "[A]

difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference." Hamby v. Hammond, 821 F.3d 1085, 1092 (9th Cir. 2016) (citation omitted). Rather, "[t]o show deliberate indifference, the plaintiff 'must show that the course of treatment the doctors chose was medically unacceptable under the circumstances' and that the defendants 'chose this course in conscious disregard of an excessive risk to the plaintiff's health.'" Id. (citation omitted). That Plaintiff believed he needed the pillow or that a doctor had previously issued a chrono authorizing the pillow does not suffice to state a deliberate indifference claim.

From the face of the FAC, it is unclear how many times Plaintiff met with Oh, whether she examined him, exactly what symptoms he described to her, and whether she offered any alternative forms of treatment. In the April 2018 grievance form attached to the FAC, Plaintiff stated that he was "ordered" to receive physical therapy, although it is unclear whether Oh or another provider issued this order. FAC at 40-41. Plaintiff's allegation that Oh knew his "acute care/chronic care" status does not demonstrate Oh's awareness that Plaintiff faced a substantial risk of serious harm. See Farmer, 511 U.S. at 835. Finally, Plaintiff does not specify which authority requires consultation with a doctor in order to enact changes in a treatment plan, or how Oh's failure to comply with this mandate violated his constitutional rights. See FAC at 21. Accordingly, Plaintiff fails to provide facts establishing that Oh acted with deliberate indifference to his medical needs.

Plaintiff's allegation that Ramos enforced a cost-saving policy is insufficient to state a claim of deliberate medical indifference. "[C]ost-containment policies [regarding medical treatment], without more, do not give rise to a constitutional deprivation under the Eighth Amendment." Sandoval v. Corizon, L.L.C., No. 16-00728, 2017 WL 2687626, at *3 (D. Ariz. June 22,

2017); see also Carrea v. Wang, No. 15-01185, 2016 WL 703853, at *6 (C.D. Cal. Jan. 28, 2016) (dismissing deliberate indifference claim based on defendant's policy not to perform colonoscopies due to cost), adopted by 2016 WL 695959 (C.D. Cal. Feb. 18, 2016).

The allegation that Ramos enforced a blanket prohibition on non-formulary DME devices fails to state a constitutional claim. Although in Colwell v. Bannister, 763 F.3d 1060 (2014), the Ninth Circuit found that a prison's categorical denial of medically necessary cataract surgery for inmates facing reversible blindness in one eye was "the paradigm of deliberate indifference," see id. at 1063, Plaintiff presents an entirely different factual scenario. First, it is unclear whether the policy against non-formulary DME devices prohibits all cervical pillows, or whether certain types were permitted. Furthermore, while the court in Colwell considered medical officials' decision to deny treatment entirely, see id. at 1068-69, here the grievance forms attached to the FAC suggest that medical officials offered other forms of treatment to Plaintiff. In addition to Plaintiff's April 2018 statement that he was ordered physical therapy, the headquarters' level response to Plaintiff's grievance indicates that in June 2018, a primary care provider found that the cervical pillow was not medically indicated but developed a treatment plan which included orders for cervical x-rays and physical therapy, as well as pain medication including capsaicin cream. See FAC at 33, 41.

Finally, Plaintiff states that the policy denying non-formulary DME devices violates 15 C.C.R. § 3350, which provides that the California Department of Corrections and Rehabilitation shall only provide medically necessary health services for inmates. See id. at 12, 25. California regulations concerning inmate health care services have recently been amended. The Court cannot determine which regulations Plaintiff is referring to, or in what manner

either defendant's conduct violated these regulations. If Plaintiff chooses to file an amended complaint, he should clarify these allegations.

## V. CONCLUSION

For the foregoing reasons, the FAC is subject to dismissal. Because it is not absolutely clear that the FAC's deficiencies cannot be cured by amendment, dismissal is with leave to amend. Accordingly, if Plaintiff desires to pursue his claims, he must file a Second Amended Complaint ("SAC") within thirty-five (35) days of the date of this Order, remedying the deficiencies discussed above. The SAC should bear the docket number assigned in this case, be labeled "Second Amended Complaint," and be complete in and of itself without reference to the prior complaints or any other pleading, attachment or document. The Clerk is directed to send Plaintiff a blank Central District civil rights complaint form, which Plaintiff is encouraged to use.

**Plaintiff is admonished that if he fails to timely file a SAC, this action may be dismissed with prejudice for failure to diligently prosecute and for the reasons discussed in this Order.**

Date: May 6, 2019

DOUGLAS F. McCORMICK
United States Magistrate Judge